IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRAD ALLEN BAKER,<br>　　　　Plaintiff, | )<br>) | |
| vs. | )<br>) | No. 3:22-CV-0211-C-BH |
| HAO NI & NEAL MASSAND,<br>　　　　Defendant. | )<br>)<br>) | Referred to U.S. Magistrate Judge[1] |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Based on the relevant filings and applicable law, the case should be dismissed without prejudice for failure to prosecute or follow orders of the court.

### I.  BACKGROUND

The plaintiff initially filed this action against the defendants on January 28, 2022. (*See* doc. 3.) By *Notice of Deficiency and Order* dated January 4, 2022, he was notified that his complaint did not comply with Fed. R. Civ. P. 8(a) and that he had not paid the filing fee or submitted an application to proceed *in forma pauperis* (IFP). (*See* doc. 4.) The order specifically advised the plaintiff that he must file a compliant complaint and either pay the filing fee or file his IFP application within fourteen days, and that a failure to do so could result in the dismissal of his case. *Id.* Attached to the order were copies of Rule 8 and an IFP application. *Id.* The plaintiff did not comply with the order. A prior mailing was returned as undeliverable on February 14, 2022, and he filed a notice of change of address on February 22, 2022. (*See* docs. 7, 8.)

A *Second Notice of Deficiency and Order,* filed on February 24, 2022, and mailed to his new address, again notified the plaintiff that his complaint did not comply with Rule 8 and that he had not paid the filing fee or filed an IFP application. (*See* doc. 9.) The second order again specifically

---

[1] By *Special Order No. 3-251*, this *pro se* case has been automatically referred for full case management.

advised the plaintiff that he must file a compliant complaint and either pay the filing fee or file his IFP application within fourteen days, and that a failure to do so could result in the dismissal of his case. *Id.* Attached to the order were copies of Rule 8 and an IFP application. *Id.* More than fourteen days from the date of the second order have passed, but the plaintiff has not filed an amended complaint or an IFP application, or anything else in this case.

## II.  INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). The plaintiff twice failed to comply with orders that he submit an IFP application and an amended complaint despite a warning that failure to do so could result in dismissal of the case. He has not filed anything else in the case. Because the plaintiff failed to follow a court order or otherwise show that he intends to proceed with this case, it should be dismissed.

## III.  RECOMMENDATION

This case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or follow orders of the court, unless the plaintiff files an IFP application and an amended complaint within the time for objecting to this recommendation, or by some other deadline set by the court.

**SO RECOMMENDED on this 25th day of March, 2022.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

3