IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BRAD ALLEN BAKER,<br>    Plaintiff,<br>vs.<br><br>HAO NI & NEAL MASSAND,<br>    Defendant. | )<br>)<br>)    No. 3:22-CV-0211-C-BH<br>)<br>)<br>)    Referred to U.S. Magistrate Judge[1] |

**MEMORANDUM OPINION AND ORDER**

Based on the relevant filings and applicable law, the plaintiff's *Request for Rule 201 Adjudicative Facts,* filed on April 12, 2022 (doc. 13), is **DENIED**.

A court has authority to take judicial notice of an adjudicative fact "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Doe v. Mckesson*, 945 F.3d 818, 833 (5th Cir. 2019) (citing Fed. R. Evid. 201(b)). Judicial notice extends to only indisputable adjudicative facts because its "effect ... is to preclude a party from introducing contrary evidence and [ultimately], directing a verdict against him as to the fact noticed." *Reneker v. Offill*, No. 3:08-CV-1394-D, 2012 WL 2158733, at *12 (N.D. Tex. June 14, 2012) (Fitzwater, C.J.) (citations omitted). Rule 201 does not permit courts to take judicial notice of legal determinations. *Taylor v. Charter Med. Corp.*, 162 F.3d 827, 831 (5th Cir. 1998).

Here, the plaintiff does not identify any "indisputable" facts that are generally known or capable of accurate and ready determination of which he seeks to have judicial notice taken. Judicial notice is therefore not appropriate. *See Reneker*, 2012 WL 2158733, at *14 (declining to take

---

[1] By *Special Order No. 3-251*, this *pro se* case has been automatically referred for full case management.

judicial notice of a "fact" because it was not indisputable). The motion is denied.

The plaintiff instead appears to seek to have certain parties ordered to release documents to him or to have the Court obtain those documents for him. He has still not complied with two notices of deficiency advising him that his civil complaint does not comply with Fed. R. Civ. P. 8(a) and ordering him to submit a compliant complaint. After dismissal of this action was recommended based on his failure to comply with those orders by filing a compliant complaint and paying the filing fee or seeking leave to proceed *in forma pauperis* (IFP), he filed this motion and an IFP motion. The IFP motion has now been granted, so the plaintiff's complaint is subject to screening under 28 U.S.C. § 1915(e)(2). It provides for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. This screening may include a hearing under *Spears v. McCotter,* 766 F.2d 179 (5th Cir. 1985), the issuance of a questionnaire under *Watson v. Ault,* 525 F.2d 886 (5th Cir. 1976), or other proceedings as deemed appropriate.

The order granting the plaintiff IFP status expressly provided that service of process would be withheld pending completion of judicial screening as provided by 28 U.S.C. § 1915(e)(2), and that no discovery motions could be filed. The required judicial screening cannot be conducted because the plaintiff has still not filed a complaint that complies with Rule 8(a), and **this action is still subject to dismissal under Rule 41(b) on that basis**. Any motion for discovery at this stage is also denied.

2

**SIGNED this 14th day of April, 2022.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE